## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CRYSTAL THURSTON,

       Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,

       Defendant.

Case No. 2:25-cv-11845-SKD-CI
Hon. Susan K. DeClercq

---

## DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MOTION TO DISMISS

Defendant Equifax Information Services, LLC ("Equifax"), by and through its counsel, Taft Stettinius & Hollister LLP, hereby moves this Court to dismiss Plaintiff Crystal Thurston's ("Plaintiff") Complaint under Fed. R. Civ. P. 12(b)(6). The factual and legal bases for this motion are set forth fully in the brief supporting this motion, filed in accordance with E.D. Mich. L.R. 7.1(d).

Defendant's counsel has complied with E.D. Mich. L.R. 7.1(a)(2), and concurrence in the relief requested by this motion has not been obtained. Based on the lack of responses and the nature of the relief requested (dismissal), counsel reasonably believes this dispositive motion is opposed.

**WHEREFORE**, Equifax respectfully requests that this Court dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

By:   */s/ Jordan Bolton*
       Taft Stettinius & Hollister LLP
       Jordan Bolton (P66309)
       *Attorney for Defendant Equifax*
       27777 Franklin Road, Ste. 2500
Dated: September 23, 2025   Southfield, Michigan 48034
       (248) 351-3000
       jbolton@taftlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CRYSTAL THURSTON,

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,

      Defendant.

Case No. 2:25-cv-11845-SKD-CI
Hon. Susan K. DeClercq

_____

## BRIEF IN SUPPORT OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS

## **<u>TABLE OF CONTENTS</u>**

<u>Contents</u>

INDEX OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ...................................................................................................1

APPLICABLE LEGAL STANDARD .....................................................................2

ARGUMENT ...........................................................................................................4

A.    Whether Plaintiff Initially Disputed the Tradeline with the CRA or the Furnisher is a Distinction Without Difference ...................................................................4

    1.    The FCRA Provides Clear Reporting Obligations for CRAs and Furnishers Regarding Dispute Notations. ...................................................................5

    2.    The FCRA Requires That Consumers Ask Furnishers – Not the CRAs – to Remove Dispute Notations on Their Accounts. ........................................6

B.    The FCRA Does Not Require CRAs to Reinvestigate Dispute Notations, and Requiring Otherwise Would Render a Reasonable Reinvestigation Impossible. 7

    1.    Dispute Notations Are Not "Items of Information" Subject to the CRA's Reinvestigation Requirements. ...............................................................8

    2.    Requiring CRAs to Reinvestigate an Account in Dispute Notation Would Render a Reasonable Reinvestigation Impossible. ...................................11

C.    Plaintiff Cannot Establish a Willful Violation. ...............................................15

CONCLUSION .....................................................................................................19

## <u>INDEX OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................2, 3

*Barrepski v. Capital One Bank (U.S.A.) N.A.*,
    No. 11-30160-NMG, 2014 WL 9355983 (D. Mass. Jan. 24, 2014)..................17

*Batterman v. BR Carroll Glenridge, LLC*,
    No. 1:19-CV-1598-CC-RDC, 2020 WL 1821322 (N.D. Ga. Apr.
    10, 2020), *aff'd* 829 F. App'x 478 (11th Cir. 2020) (unpublished)....................15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................2

*DeAndrade v. Trans Union LLC*,
    523 F.3d 61 (1st. Cir. 2008).............................................................................15

*Edison v. Douberly*,
    604 F.3d 1307 (11th Cir. 2010) ..........................................................................8

*Hardnett v. Equifax Info. Servs., LLC*,
    No. 1:20-cv-03017-...................................................................................*passim*

*Hill v. Equifax Info. Servs., LLC*,
    974 F. Supp. 2d 865 (M.D.N.C. 2013) .............................................................17

*Johnson v. Equifax, Inc.*,
    510 F. Supp. 2d 638 (S.D. Ala. 2007) .............................................................17

*Levine v. World Fin. Network Nat'l Bank*,
    554 F.3d 1314 (11th Cir. 2009) ........................................................................16

*McGee v. Equifax Info. Servs., LLC*,
    No. 1:18-CV-04144-MHC-CMS, 2019 WL 2714505 (N.D. Ga.
    Mar. 19, 2019)...............................................................................6, 12, 13

*Natosha Briscoe v. Equifax Info. Servs., LLC, et al.*,
    No. 1:20-cv-02239-WMR-CMS, ECF No. 44 (N.D. Ga. Oct. 27,
    2020) ..........................................................................................6, 9, 14

*Oxford Asset Mgmt. v. Jaharis*,
  297 F.3d 1182 (11th Cir. 2002) ..............................................................................3

*Pedro v. Equifax, Inc.*,
  868 F.3d 1275 (11th Cir. 2017) ....................................................................16, 18

*Robertson v. Experian Info. Solutions*,
  No. 1:CV-09-0850, 2010 WL 1643579 (M.D. Pa. Apr. 22, 2010) ...................17

*Roth v. Equifax Info. Servs., LLC*,
  No. 2:16-cv-4325 JWS, 2017 WL 2181758 (D. Ariz. May, 17,
  2017) ............................................................................................................13

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007).................................................................................16, 17, 18

*Sommer Foreman v. Equifax Solutions, LLC*,
  No. 1:20-cv-01871-TCB-WEJ, ECF No. 57 (N.D. Ga. November
  10, 2020) ............................................................................................................13

*Thomas v. Equifax Info. Servs., LLC*,
  No. 3:19-CV-286, 2020 WL 1987949 (S.D. Ohio Apr. 27, 2020)......................3

*Valvo v. Trans Union LLC*,
  No. 04-70S, 2005 WL 3618272 (D.R.I. Oct. 27, 2005) ....................................17

*Wilchombe v. TeeVee Toons, Inc.*,
  555 F.3d 949 (11th Cir. 2009) ...........................................................................3

*Young v. Equifax Info. Servs., LLC*,
  No. 21-10095, 2022 WL 957554 (E.D. Mich. Mar. 29, 2022)......................4, 12

## **Statutes**

15 U.S.C. § 1681-s2(a)(3)......................................................................................12

15 U.S.C. § 1681c(f) .......................................................................................*passim*

15 U.S.C. §§ 1681e .................................................................................................2

15 U.S.C. §§ 1681e(b) .............................................................................................1

15 U.S.C. § 1681i(a) ...............................................................................................8

15 U.S.C. § 1681i(a)(1)(A) ........................................................................8

15 U.S.C. § 1681i(a)(2)(B) ......................................................................10

15 U.S.C. §§ 1681i of the Fair Credit Reporting Act ..............................1

15 U.S.C. § 1681s-2(a)(3) ..................................................................4, 5, 6

15 U.S.C. § 1681s(a)(3) ......................................................................11, 12

FCRA §§ 1681e(b) and 1681i ..............................................................7, 15

## **Other Authorities**

Rule 12(b)(6) ............................................................................................2

## INTRODUCTION

Plaintiff Crystal Thurston ("Plaintiff") alleges that Equifax inaccurately reported her Eastern Account Systems tradeline ("Account") by including a dispute notation on her credit file. Doc. 1 at ¶ 7. Despite failing to allege why the notation was inaccurate, Plaintiff argues that the continued inclusion of the dispute notation is inaccurate. *Id.* at ¶¶ 9, 17, 24. However, Equifax is required to report this information and Plaintiff's claims must fail as a matter of law.

On or about February 24, 2025, Plaintiff disputed the Account with Equifax – stating that she no longer disputes the Account and requesting that Equifax remove the dispute comments. *Id.* at 10. Plaintiff argues that the continued inclusion of the dispute notation is inaccurate. *Id.* at ¶ 12-13. Plaintiff's Complaint explicitly references and relies on her dispute correspondence to Equifax, as a necessary element of her § 1681i claim. *Id.* at ¶10. Plaintiff claims that Equifax negligently and willfully violated 15 U.S.C. §§ 1681e(b) and 15 U.S.C. §§ 1681i of the Fair Credit Reporting Act ("FCRA") by failing to ensure maximum possible accuracy and failing to conduct a reasonable reinvestigation in response to his disputes. *Id.* at ¶¶ 18, 25. Plaintiff's claims cannot stand. The FCRA *requires* data furnishers, like Eastern Account Systems, to report these notations when consumers dispute the accuracy of their accounts. *See* discussion *infra* Part A.1. In turn, the FCRA requires credit reporting agencies ("CRAs"), when notified by a furnisher of a dispute

1

notation, to "indicate that fact in each consumer report that includes the disputed information." *See id.* The FCRA similarly requires consumers, like Plaintiff, to contact the data furnisher directly, and not the CRA, to remove such notations. *See* discussion *infra* Part A.2.

As a matter of law, Equifax cannot be held liable under these circumstances for the claims advanced by Plaintiff. Requiring otherwise of the Equifax would run counter to the FCRA, which requires both the data furnisher and the CRAs to report the dispute notation. *See* discussion *infra* Part B. Accordingly, Plaintiff cannot maintain a claim under either 15 U.S.C. §§ 1681e or 1681i of the FCRA against Equifax. Plaintiff's Complaint should be dismissed, with prejudice, pursuant to Rule 12(b)(6), without leave to amend.

## **APPLICABLE LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not

required to accept, as true, legal conclusions couched  as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that  is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "A claim is facially plausible only when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," thus raising 'more than a sheer possibility that a defendant has acted unlawfully.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 (6th Cir. 2020).

In considering a 12(b)(6) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Thomas v. Equifax Info. Servs., LLC*, No. 3:19-CV-286, 2020 WL 1987949, at *2 (S.D. Ohio Apr. 27, 2020). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

**A.**   **Whether Plaintiff Initially Disputed the Tradeline with the CRA or the Furnisher is a Distinction Without Difference**.

As outlined below, the FCRA requires furnishers to include a dispute notation if they receive a dispute from a consumer. 15 U.S.C. § 1681s-2(a)(3). Equifax, as a CRA, is likewise required to include the dispute notation on consumer reports if it receives it from a furnisher. 15 U.S.C. § 1681c(f). Because Courts have already held that § 1681s-2(a)(3) requires furnishers to maintain the dispute notation unless notified *directly* by a consumer, it must also be true that CRAs cannot be held liable for failing to remove that same notation.[1] Here, Plaintiff doesn't even allege that she asked Eastern Account Systems to remove the dispute notation as required by the FCRA before she submitted her dispute to Equifax. See Doc. 1. Because the FCRA does not require CRAs to ***remove*** such notations – indeed, it requires CRAs to ***report*** them – Plaintiff has failed to plausibly allege that Equifax violated the FCRA, nor can she.

---

[1] There is no allegation that Plaintiff directly informed any Furnisher that she no longer wished to dispute her account. [Defendants] argue that Plaintiff's failure to directly notify the Furnishers that she no longer disputed the accounts and wished to have the notations removed is fatal to her claims against them. *Young v. Equifax Info. Servs., LLC*, No. 21-10095, 2022 WL 957554, at *2 (E.D. Mich. Mar. 29, 2022).

1.      **The FCRA Provides Clear Reporting Obligations for CRAs and Furnishers Regarding Dispute Notations.**

The FCRA requires Equifax to report the "account in dispute" notation once it is placed on a consumer's tradeline. Section 1681c(f) of the FCRA provides as follows: "If a consumer reporting agency is notified pursuant to section 1681s-2(a)(3) of this title that information regarding a consumer who was furnished to the agency is disputed by the consumer, ***the agency shall indicate that fact in each consumer report that includes the disputed information***." 15 U.S.C. § 1681c(f) (emphasis added). Under the FCRA, therefore, Equifax could face liability for failing to report a dispute notation.

The FCRA also requires furnishers to retain dispute notations on consumers' accounts. Section 1681s-2(a)(3) of the FCRA states, "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3). If a furnisher were to remove a dispute notation or fail to report it, that furnisher also would risk violating the FCRA.

In sum, the FCRA mandates that: (1) CRAs report the dispute notation when a data furnisher provides it to CRAs upon receipt of a dispute; and (2) data furnishers provide the dispute notation to CRAs upon receipt of a dispute from the consumer.

5

A failure to satisfy either of these obligations would create FCRA liability under the plain language of the statute. *McGee v. Equifax Info. Servs., LLC*, No. 1:18-CV-04144-MHC-CMS, 2019 WL 2714505, at *2 (N.D. Ga.  Mar. 19, 2019), *report and recommendation adopted*, 2019 WL 2714497 (N.D. Ga. Apr. 9 2019); 15 U.S.C. § 1681s-2(a)(3).

### 2.    The FCRA Requires That Consumers Ask Furnishers – Not the CRAs – to Remove Dispute Notations on Their Accounts.

The only way to reconcile the above requirements as they relate to removing dispute notations is to require a consumer to directly tell the data furnisher to remove the dispute notation. Courts have addressed this very issue, finding that furnishers *must* retain dispute notations unless consumers ask the furnishers, rather than the CRAs, to remove them.  In *McGee*, for example, the Court held that "if a consumer does not directly tell the furnisher that she no longer disputes the debt, the FCRA requires the furnisher to retain that dispute status pursuant to 15 U.S.C. § 1681s-2(a)(3)." *McGee*, 2019 WL 2714505, at *3. Likewise, in *Natosha Briscoe v. Equifax Info. Servs., LLC, et al.*, No. 1:20-cv-02239-WMR-CMS, ECF No. 44 (N.D. Ga. Oct. 27, 2020) (Report and Recommendation Granting Motion to Dismiss), *report and recommendation adopted*, ECF No. 58., the Court observed that "the FCRA was not designed to create furnisher liability" if a consumer, like Plaintiff, "deliberately fails to inform the furnisher that she wishes to withdraw her earlier dispute."

6

Therefore, it follows that, because consumers must notify furnishers directly if they want dispute notations removed, Plaintiff cannot now create liability for Equifax simply by asking the CRAs to remove those notations instead. As noted above, the FCRA requires Equifax to report a dispute notation once it is placed on a consumer's tradeline by a data furnisher. *See* 15 U.S.C. § 1681c(f). Accordingly, under Plaintiff's theory, a CRA faces the irreconcilable choice of liability under § 1681c(f) for removing the dispute notation, or liability under §§ 1681e(b) and 1681i for not.  However, under the CRAs reading, the statute's provisions can be easily reconciled, as the dispute notation can only be removed by the data furnisher after being told by the consumer that he no longer disputes the account. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

**B.** **The FCRA Does Not Require CRAs to Reinvestigate Dispute Notations, and Requiring Otherwise Would Render a Reasonable Reinvestigation Impossible.**

The FCRA distinguishes dispute notations from other items of information in a consumer's credit file. As explained above, not only is there a separate provision in the FCRA requiring CRAs to maintain those dispute notations, but there are also different procedures for having dispute notations removed. It should not be surprising, then, that these differences in statutory treatment extend throughout the FCRA. As explained further below, additional provisions of the FCRA clarify that the CRAs' reinvestigation obligations do not apply to dispute notations placed on a

consumer's file. Indeed, if the FCRA were to impose such requirements, a reasonable reinvestigation would be impossible.

### 1.    Dispute Notations Are Not "Items of Information" Subject to the CRA's Reinvestigation Requirements.

The FCRA requires a CRA to reasonably reinvestigate certain disputed information in consumer reports, but not *all* information in consumer reports. 15 U.S.C. § 1681i(a). Specifically, a CRA must "conduct a reasonable reinvestigation" when a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file."  15 U.S.C. § 1681i(a)(1)(A).  Although the FCRA does not define "item of information" explicitly, the Eleventh Circuit has instructed this Court to interpret the statutory language "in the context of the entire statute, as assisted by the canons of statutory construction." *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010). As Magistrate Regina Cannon recently explained in a nearly identical case filed in the Northern District of Georgia, "[t]he important information that the FCRA sought to protect, as evidenced by its definition of the 'consumer report' in which that information is housed, is decidedly information *about the consumer*—e.g., her identifying information, credit account history, and certain public records." *Hardnett v. Equifax Info. Servs., LLC*, No. 1:20-cv-03017- LMM-RDC, ECF No. 45 at *11 (N.D. Ga. Dec. 16, 2020) (citing 15 U.S.C. §1681a(d)(1)) (Report and Recommendation Granting Credit Collection Services, Inc.'s Motion to Dismiss).  Structurally, the FCRA consistently treats "any item of information in a

8

consumer's file" as distinct from a dispute notation. As already explained, whereas an "item of information" may be disputed indirectly through the CRAs, the FCRA separately obligates the CRAs to record and disclose a consumer's dispute notation, while requiring the consumer to notify the furnisher directly if she wants it removed. *See* 15 U.S.C. § 1681c(f).  In granting the Motion to Dismiss in *Hardnett*, Magistrate Cannon explained this distinction as follows:

> Whereas the former might be termed for the sake of clarity as *personal information*, the latter is a kind of *second-order* or *meta-information*. ... Plaintiff has pointed to no authority for the proposition that Congress intended this kind of meta-information, when included by a furnisher at the consumer's urging in connection with a bona fide dispute regarding her personal information, to itself be subject to the dispute procedures and furnisher obligations under the FCRA.

*Hardnett*, No. 1:20-cv-03017-LMM-RDC, ECF No. 45 at *11-12 (emphasis in original).[2]

---

[2] The allegations in *Hardnett* are identical to those in the present action and, indeed, were filed by the same counsel, Credit Repair Lawyers of America, who has seemingly launched a campaign of cases advancing the same meritless theory against Equifax, and others, to the tune of at least 52 cases nationwide. Including the present lawsuit, Plaintiff's counsel has filed at least 22 such cases in Georgia alone. *See* Case Nos. 1:20-cv-02239-WMR, *Briscoe v. Equifax Info. Servs., LLC et al.*; 1:20-cv-1870- LMM-AJB, *White v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-1871-TCB-WEJ, *Foreman v. Equifax Info. Solutions, LLC, et al.*; 1:20-cv-2852-SDG-CMS, *Fisher v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-3604- CAP-CMS, *Sidney v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-2316-TWT-CCB, *Griffin v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-2844-MHC-AJB, *Coleman v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-3017- LMM-RDC, *Hardnett v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-3494-WMR-AJB, *Redel v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-02319-WMR-RDC, *Campbell v. Equifax Info. Servs., LLC, et al.*; 1:20-cv- 00076-LAG,

Elsewhere, the FCRA echoes this distinction between a dispute notation and an "item of information." Even "Section 1681s-2, which mandates the furnisher dispute notation in the first place, distinguishes between the personal information which is subject to a consumer dispute, on the one hand, and the separate 'notice that *such [personal] information* is disputed by the consumer,' on the other hand. *Id.* at *12 (quoting 15 U.S.C. § 1681s-2(a)(3) (emphasis added)). And Section 1681i(a)(2)(B), which governs the CRAs' reinvestigation obligations, "likewise contrasts 'the information *in dispute*' with the 'relevant information *regarding the dispute*,' requiring that the latter be promptly delivered to any furnisher who has provided the former." *Id.* (quoting 15 U.S.C. § 1681i(a)(2)(B) (emphasis added)). This contrast is neither incidental nor immaterial; the "FCRA makes the distinction once again in Section 1681c(f), requiring that a CRA, after it receives notice of a consumer dispute, 'shall indicate *th[e] fact [of a consumer dispute]* in each consumer report that includes *the disputed information*.'" *Id.* (quoting 15 U.S.C. §

---

*Green v. Equifax Info. Solutions, LLC, et al.*; 1:20-cv-02855-SCJ-CCB, *Outlaw v. Equifax Info. Servs., LLC, et al.*; 5:20-cv-00272-MTT, *Fatah v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-03011- SDG-JCF, *Flournoy v. Equifax Info. Servs., LLC, et al.*; 7:20-cv-00143-HL, *Ennis v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-03493-MLB-LTW, *Oglesby v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-04382-AT- CMS, *Anthony v. Equifax Info. Servs., LLC, et al.*; 1:20-cv-04372-JPB-JCF, *Jonathan Jones v. Equifax Info. Servs., LLC, et al.*; 2:20-cv-00253-RWS-JCF, *Carol Jones v. Equifax Info. Servs., LLC, et al.*; 1:20-cv- 04383-ELR-CCB, *Horn v. Equifax Info. Servs., LLC, et al.*; and 3:20-cv-00199-TCB-RGV, *Jordan v. Equifax Info. Servs., LLC, et al.*; and 1:20-cv-04429-WMR-JSA *Belinda Hill v. Equifax Info. Servs., LLC.*

1681c(f) (emphasis added)). In short, the FCRA clearly and repeatedly distinguishes the actual "disputed information" from "any *notation as to disputed information*." *See id*. at *12-13 (citing 15 U.S.C. § 1681i(d) (emphasis added)). Were "meta-information" like dispute notations intended to be included as "items of information," none of these distinctions would make sense.

For these reasons, Equifax respectfully asks this Court to decline to adopt Plaintiff's tortured reading of the statute. As explained, the FCRA "consistently and collectively distinguish[es] between a dispute notation and the underlying personal information subject to the consumer's dispute," thereby differentiating "the kind of information *about consumers* that the FCRA was enacted to protect in the first place," from "the meta-information generated by mechanisms implemented by the FCRA to enable bona fide disputes *by consumers*." *Id*. at *13. In other words, the FCRA recognizes a distinction between account information and a dispute notation. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

## 2.   Requiring CRAs to Reinvestigate an Account in Dispute Notation Would Render a Reasonable Reinvestigation Impossible.

Plaintiff consistently argues that Equifax inaccurately reported her Accounts by including a dispute notation. Doc. 1 at ¶¶ 7, 9, 12, 13, 17, 24. As noted above, and seemingly intentionally omitted by Plaintiff in her Complaint, such dispute notation is required to be reported by Equifax, pursuant to the FCRA, 15 U.S.C. § 1681s(a)(3). In fact, such dispute notation can only be placed on an account if the

consumer directly contacts the furnisher in writing to dispute the accuracy of information contained in an account. *Id.* The 6th circuit has already held as much in *Young*. In *Young*, Plaintiff did not allege she directly informed any furnisher that she no longer wished to dispute her account. *Young*, No. 21-10095, 2022 WL 957554, at *2. However, Plaintiff "submitted letters "stating that she no longer disputed the Errant Tradelines and requested that the credit bureaus remove the inaccurate notations of 'account in dispute." *Id.* at *4. The furnisher had nothing to investigate when it received plaintiff's letter from the CRA as any investigation would have yielded no new information to compel it to withdraw plaintiff's dispute." *Id.* at *4. The Court noted that "Plaintiff has cited no FCRA provision or binding case law providing that when a consumer unilaterally changes her mind and informs a CRA (but not the furnisher) that she no longer disputes an account, but provides no specifics or reasons or facts to support her change of heart, that such a withdrawal constitutes a new 'consumer dispute' for purposes of the FCRA." *Id.* at 5.

Additionally, in *McGee*, after previously directly disputing the debt at issue with the furnisher, the plaintiff subsequently disputed the dispute notation directly with Equifax. *McGee*, No. 1:18- CV-04144-MHC-CMS, 2019 WL 2714505. In concluding this was not an actionable claim, "the Court determined 'if a consumer does not directly tell the furnisher that it no longer disputes the debt, the FCRA requires the furnisher to retain that dispute status pursuant to 15 U.S.C. § 1681-

s2(a)(3).'" *Id*. at \*3. In citing another identical case and analogous decision from the District of Arizona in *Roth v. Equifax Info. Servs., LLC*, No. 2:16-cv-4325 JWS, 2017 WL 2181758 (D. Ariz. May, 17, 2017), the 11th Circuit recently affirmed that "'[a furnisher] cannot be liable for both reporting a plaintiff's account as disputed and not reporting it as disputed.'" *Sommer Foreman v. Equifax Solutions, LLC*, No. 1:20-cv-01871-TCB-WEJ, ECF No. 57 at 8 (N.D. Ga. November 10, 2020)(Report and Recommendation Granting Credit Control Services, Inc.'s Motion to Dismiss) (quoting *Roth*, 2017 WL 2181578, at \*9).

Though the cases above reference furnishers, there is no reason the logic cannot be applied with equal force and effect to a CRA. The FCRA is very clear about a CRA's duties, and the duty to remove the dispute notation complained of by Plaintiff is simply not one of them. Additionally, the FCRA is clear that the furnisher is the only entity that could add or remove such a notation to a consumer's file.

Plaintiff's tortured reading of the statute, arguing that such notation's accuracy can be challenged by reinvestigation through the CRA, not only belies the purpose of the FCRA, but places the CRA in an impossible position. This was eloquently described in a very plausible hypothetical by Magistrate Cannon in the *Hardnett* case. Therein, Magistrate Cannon reasoned,

> If such a dispute notation were indeed the type of information protected by the FCRA, a consumer might then file a dispute regarding a credit account on Monday, second dispute regarding the first dispute on

13

Wednesday, and a third dispute regarding the second dispute on Friday. It is not at all clear what a CRA or furnisher is to do under the hypothetical just presented, nor what a bank or other credit report end user is to make of the result.

*Hardnett*, No. 1:20-cv-03017-LMM-RDC, ECF No. 45 at *5. Magistrate Cannon summarily rejected the plaintiff's interpretation of the FCRA, "concluding that it would not only fail to promote one purpose of the statute– i.e., ensuring accuracy and fairness in credit reporting–but that it would actually undermine another–i.e., promoting efficiency in the banking system. *Id.* at 14 (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)).[3] To be clear, Magistrate Cannon unequivocally stated a consumer "may not invoke the FCRA dispute mechanisms and furnisher obligations" in trying to address dispute notations on an account. *Id.*

In another of these identical cases filed by the same plaintiffs' counsel concerning a notation of "account in dispute," Magistrate Catherine M. Salinas granted the furnisher's Motion to Dismiss on similar grounds. *Briscoe*, 1:20-cv-02239-WMR-CMS, ECF No. 44. There, as in *Hardnett*, Magistrate Salinas observed that "Plaintiff has not alleged or shown that had [the furnisher] conducted a reasonable reinvestigation [of the dispute notation], the result would have been different." *Id.* at 20. Indeed, when a consumer sends a letter to the CRA asking for

---

[3] Magistrate Cannon even conveniently noted that, as Defendant argues herein, a consumer could (and should) "presumably contact creditors to provide dispute updates and request removal of dispute notations in the same manner used to lodge disputes in the first place." *Id.*

the removal of a dispute notation, "[t[here is nothing that an independent investigation by [the furnisher] might have added to Plaintiff's own statement in her letter to Equifax." *Id*; *see DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st. Cir. 2008) (holding plaintiff's claim of inaccuracy is of such a nature that it cannot be resolved through a reasonable reinvestigation); *see also Batterman v. BR Carroll Glenridge, LLC*, No. 1:19-CV-1598-CC-RDC, 2020 WL 1821322, at *5 (N.D. Ga. Apr. 10, 2020), *aff'd* 829 F. App'x 478 (11th Cir. 2020) (unpublished).

The same rationale applies with equal force here. First, Plaintiff has not triggered Equifax's duty under the FCRA. Second, the character of Plaintiff's purported dispute is of a nature that a reasonable investigation, assuming such duty exists, would be able to resolve. By simply stating in a letter to Equifax that she no longer disputes the Accounts, Plaintiff failed to provide any information that would have enabled a reasonable reinvestigation to reveal any inaccuracy or incomplete information. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

## C.   Plaintiff Cannot Establish a Willful Violation.

In addition to negligent violations, Plaintiff alleges that Equifax also willfully violated the FCRA. Doc. 1 at ¶¶ 22-28. According to Plaintiff, Equifax willfully violated §§ 1681e(b) and 1681i of the FCRA by failing to remove the notation of account in dispute on Plaintiff's Accounts. *Id*. For all of the reasons above, these claims fail as a matter of law. *See supra* Section III.A. But even assuming Plaintiff

15

could plead a bare negligent violation of the FCRA – which Equifax fervently maintains is impossible, since it has fully complied with the mandates set forth in the FCRA – she still cannot maintain a claim for a ***willful*** violation – a necessary prerequisite to pursuing FCRA statutory and punitive damages. A CRA "willfully" violates the FCRA only when its "reading of the statute . . . [is] objectively unreasonable." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58- 59 (2007). An interpretation is objectively unreasonable only if it lacks a "foundation in the statutory text" or if "authoritative guidance . . . from the courts of appeals or the Federal Trade Commission . . . might have warned it away from" the challenged conduct. *Id*. at 69-70; *see Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009) (holding that the willfulness inquiry turns on whether the clear "text of the Act" or any "authoritative interpretations of that text" would have put defendant on notice that its conduct was forbidden).

Willfulness claims also may be dismissed on a 12(b)(6) motion. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282-83 (11th Cir. 2017).  In order to state a claim that can survive dismissal; therefore, Plaintiff must allege: (1) that Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless.

*Safeco*, 551 U.S. at 58-59. Plaintiff must show that Equifax acted in a manner that made it highly probable harm would follow. *Id.* at 69.

As a practical matter, where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting one such interpretation cannot be found to have willfully violated the FCRA. *Id.* at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and *still* not be considered willful. *Id.* at 69-70. For example, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 WL 9355983, at *12 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC*, No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005).[4]

In this case, it is Plaintiff's interpretation of the FCRA, not Equifax's, that is irreconcilable with the language of the statute. At a minimum, Equifax's

---

[4] Going even further, a CRA's failure to identify inaccurate information after receiving a dispute still is not enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Solutions*, No. 1:CV-09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010).

interpretation of § 1681c(f) as requiring the reporting of a dispute notation unless removed by the furnisher has a "foundation in the statutory text." *Safeco*, 551 U.S. at 69-70. Nor did Equifax act in the face of any "guidance from the courts of appeals or the Federal Trade Commission . . . that might have warned [them] away from the view [they] took." *Id.* at 70. A CRA's conduct is not willful if it "adopts a reading of the Act that is 'not objectively unreasonable' based on the text of the Act, judicial precedent, or guidance from administrative agencies . . . ." *Pedro*, 868 F.3d at 1280 (quoting *Safeco*, 551 U.S. at 70). Here, no case law or regulatory guidance establishes that a CRA is required to remove dispute notations that were placed by the furnisher.  In fact, case law thus far has held the *exact opposite*.

Plaintiff has neither alleged nor asserted any of the required elements of her willfulness claims. Plaintiff has failed to allege that Equifax had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language. Plaintiff also failed to allege how Equifax ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. To be clear, Count I of Plaintiff's Complaint merely replace the word "negligent" for the word "willful" in Count II.  *Compare* Doc. 1 at ¶¶ 15-21 *with* Doc. 1 at ¶¶ 22-28. Simply invoking the word "willful" cannot be enough to sustain an allegation of a willful violation, especially in this context, where it is Plaintiff's skewed interpretation of the statute, not Defendant's, before the court. Accordingly,

Plaintiff's conclusory, vague, and baseless claims of willfulness are insufficient and should be dismissed, with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant, Equifax Information Services LLC respectfully requests Plaintiff's Complaint be dismissed with prejudice in its entirety.  Any attempt at amendment would be futile.

Respectfully submitted,

Date:  September 23, 2025    By:  */s/ Jordan S. Bolton*
                                        Taft Stettinius & Hollister LLP
                                        Jordan S. Bolton (P66309)
                                        27777 Franklin Road, Suite 2500
                                        Southfield, MI 48034
                                        (248) 351-3000
                                        jbolton@taftlaw.com
                                        *Attorneys for Defendant Equifax*
                                        *Information Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: */s/ Jordan S. Bolton*
Jordan S. Bolton (P66309)